| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00450-TLN |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL** |
| OLGA PALAMARCHUK, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court on Defendant Olga Palamarchuk's ("Defendant") Motion for Bail Pending Appeal, (ECF No. 376), as supplemented by her Supplemental Motion for Release on Bail Pending Appeal, (ECF No. 384). The United States does not oppose Defendant's supplemental motion. (ECF No. 388.) For the reasons set forth below, the Court GRANTS Defendant's Motion for Bail Pending Appeal, (ECF No. 376), as supplemented by her Supplemental Motion for Release on Bail Pending Appeal, (ECF No. 384).

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

In connection with a mortgage fraud scheme dating to 2006, Defendant was indicted and thereafter convicted by a jury on July 13, 2015 of one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 (Count One of the Indictment), one count of making a false statement to a federally insured financial institution in violation of 18 U.S.C. § 1014 (Count Two of the Indictment), and one count of money laundering in violation of 18 U.S.C. § 1957 (Count Five of the Indictment). (ECF No. 221.) Defendant Pyotr Bondaruk was also convicted of Counts One and Two of the Indictment. (ECF No. 222.) Defendants Peter Kuzmenko and Vera Zhiry were also convicted of Count One of the Indictment. (ECF Nos. 223, 224.)

One day before her sentencing hearing, Defendant filed a Motion for Release on Bail Pending Appeal. (ECF No. 285.) The motion was denied the following day at her sentencing hearing, (ECF No. 289), during which the Court sentenced Defendant to seventy months imprisonment followed by a three-year term of supervised release, (ECF No. 298 at 3–4). Defendant filed a notice of appeal of her conviction with the Ninth Circuit Court of Appeals directly thereafter, (ECF No. 304), and on June 28, 2018, filed a second Motion for Bail Pending Appeal, (ECF No. 376), which is now before the Court.

In brief summary, Defendant argues that she is unlikely to flee or pose a danger to the community if released pending appeal, because she has significant family ties to the Sacramento region and has complied with all previous terms of release imposed upon her prior to her conviction and sentencing. (ECF No. 376 at 4–5.) Defendant also asserts that her appeal challenging her conviction is non-frivolous because it is based on the Court's denial of her right to present "any defense on the materiality element" of Counts One and Five of the Indictment. (ECF No. 376 at 9.) Specifically, Defendant argues that it was reversible error for the Court to exclude testimony from Defendant's proffered expert witness as to (i) the general practices of the mortgage industry at the time of Defendant's conduct, as well as (ii) the practices of the affected financial institutions at the time of Defendant's conduct. (ECF No. 376 at 10–12.) Defendant further asserts that her Confrontation Clause rights were violated when the Court sustained objections to defense counsel's questions on cross-examination that sought to ask about the nature

of the mortgage loans at issue in the case as well as the mortgage loan securitization practices of the specific lenders she defrauded. (ECF No. 376 at 22–26.) According to Defendant, her expert's testimony and defense counsel's unfettered cross-examination would have established that none of the misleading statements attributed to her or to her co-conspirators were material, thereby demonstrating that the government could not prove an essential element of the mail fraud underlying the conspiracy and money laundering offenses for which she was convicted. (ECF No. 376 at 10–12, 19–26.)

The United States filed an opposition on August 16, arguing that Defendant should be denied bail pending appeal because her motion contained no argument relating to her conviction under Count Two of the Indictment, which charged Defendant with making false statements to a financial institution to obtain a home equity line of credit. (ECF No. 379.) On August 24, Defendant filed a Supplemental Motion for Release on Bail Pending Appeal, which attempted to cure the deficiency of her previous motion by "address[ing] only her conviction on count two of the indictment." (ECF No. 384 at 2.) In brief summary, Defendant's supplemental motion argues that her appeal is likely to result in reversal of her conviction under Count Two because the government presented the jury with no evidence that Defendant herself ever made any false statement to a financial institution in order to obtain a home equity line of credit. (ECF No. 384 at 3.) Defendant's supplemental motion asserts that the government's attorney admitted as much during closing arguments to the jury. (ECF No. 384 at 4.)

The United States on November 28, 2018, filed a Non-Opposition to Olga Palamarchuk's Supplemental Motion for Release Pending Appeal. (ECF No. 388.) While the government's filing cursorily disputes many of the factual claims made in Defendant's papers, in the end it merely requests that the Court refer Defendant to a magistrate judge to set proper conditions of her release pending appeal. (ECF No. 388.)

## II. STANDARD OF LAW

A defendant found guilty of a criminal offense should ordinarily be detained pending the disposition of any appeal of that conviction unless a court finds by clear and convincing evidence that (i) "the person is not likely to flee or pose a danger to the safety of any other person or the

community if released;" (ii) the defendant's appeal is not for the purpose of delay; and (iii) the defendant's appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a noncustodial sentence, or a reduced custodial sentence "less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). A "substantial question" in this context is one that is "fairly debatable," meaning one that is "of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (citations omitted). A defendant bears the burden of proving that the question presented to an appellate court qualifies as "fairly debatable." *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

The law does not require that a defendant moving for bail pending appeal demonstrate the likelihood of prevailing on appeal; it merely requires a defendant to demonstrate "that if th[e] substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial [or imposition of a noncustodial or reduced custodial sentence] of all counts on which imprisonment has been imposed." *Handy*, 761 F.2d at 1283 (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)). Indeed, a defendant "need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions" to qualify for release pending appeal. *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003). In the context of an appeal based on a district court's evidentiary rulings, "[a]n evidentiary error violates a defendant's due process rights when it excludes: '(1) the main piece of evidence, (2) for the defendant's main defense, to (3) a critical element of the government's case.'" *United States v. Haischer*, 780 F.3d 1277, 1284 (9th Cir. 2015) (quoting *United States v. Evans*, 728 F.3d 953, 967 (9th Cir. 2013)).

**III. ANALYSIS**

    A.    <u>Likelihood of Flight or Danger to the Community</u>

The Court finds that Defendant is unlikely to flee and that she would not pose a danger to the community if released pending disposition of her appeal. *See* 18 U.S.C. § 3143(b)(1)(A).

All the evidence provided to the Court demonstrates that Defendant satisfactorily complied with the terms of her pre-trial release prior to her conviction and sentencing. (ECF No. 376 at 4.) Defendant maintains substantial ties to the Sacramento region, with at least her mother and two siblings residing in Sacramento. (ECF No. 376 at 4–5.) Furthermore, the Court sees no evidence that Defendant failed to self-surrender to serve her sentence of incarceration. (*See* ECF No. 376 at 7.) Accordingly, the evidence shows that Defendant is unlikely to flee or pose a danger to the Sacramento community.

B. Purpose of Delay

The Court finds that Defendant's appeal is not taken for purpose of delay. *See* 18 U.S.C. § 3143(b)(1)(B). Defendant is currently serving her custodial sentence, so there is no evidence she intends to delay her self-surrender date or any other proceeding by filing her appeal in the Ninth Circuit. (ECF No. 376 at 2.)

C. Substantial Questions of Law or Fact

The Court finds that Defendant's appeal to the Ninth Circuit presents substantial questions of law or fact that are "of more substance than would be necessary to a finding that [they are] not frivolous." *Handy*, 761 F.2d at 1283.

*i. Count One*

Defendant was convicted under Count One of the Indictment for engaging in a conspiracy to commit mail fraud. (ECF No. 221.) Defendant argues that her appeal of her conviction under Count One presents the substantial question of whether her constitutional rights to present a complete defense and to confront adverse witnesses were violated by the Court's exclusion of expert and cross-examination testimony regarding the materiality of false statements she and her co-conspirators made to lenders. (ECF No. 376 at 15–26.) Specifically, Defendant argues that under the Ninth Circuit's holding in *United States v. Lindsey*, 850 F.3d 1009 (9th Cir. 2017), she was entitled to introduce evidence that the lending standards generally applied in the mortgage industry at the time of the charged conspiracy were such that none of the statements she or her co-defendants made were material to the decisions the defrauded lenders made to extend them credit, (ECF No. 376 at 19–21; ECF No. 384-1 at 28–31).

To gain a conviction under 18 U.S.C. § 1349 for conspiracy to commit mail fraud, the government must prove that a defendant (i) agreed with at least one other person to commit the crime of mail fraud, and (ii) became a member of the conspiracy knowing of at least one of its objects and intending to accomplish it. 9th Cir. Model Crim. Jury Instr. 8.20. "[B]ecause materiality is not a separate element of conspiracy under 18 U.S.C. § 1349," the government is not required to prove the materiality of any false statements made by a defendant or a defendant's co-conspirator in order to gain a conviction under this statutory provision. *United States v. Quassani*, 593 F. App'x 627, 628 (9th Cir. 2015). Materiality is certainly an element of the substantive offense of mail fraud, however, *Neder v. United States*, 527 U.S. 1, 25 (1999), and in mortgage fraud cases it is true that "defendants can disprove materiality through evidence of the lending standards generally applied in the mortgage industry," *Lindsey*, 850 F.3d at 1016. It can therefore deny a defendant the right to present a complete defense for a district court to exclude such industry-wide evidence in a trial for mortgage fraud where materiality is an essential element of the charged crime. *See United States v. Green*, 698 F. App'x 879, 880 (9th Cir. 2017) (vacating pre-*Lindsey* conviction on five counts of mortgage fraud on basis that defendant's right to present complete defense on materiality element was denied where district court excluded evidence of general lender behavior).

The Court notes that Defendant was convicted under Count One of conspiring to commit mail fraud in violation of 18 U.S.C. § 1349, the same criminal provision at issue in *Quassani*. (ECF No. 221.) The Court further notes that Defendant's argument does not directly address whether the Ninth Circuit's holding in *Quassani* limits the applicability of *Lindsey* to the conspiracy to commit mail fraud alleged in Count One of the Indictment. (*See* ECF No. 376 at 16 n.5.) Nonetheless, Defendant's burden at this stage is merely to demonstrate that her *Lindsey*-based appeal to the Ninth Circuit presents a question that is "of more substance than would be necessary to a finding that it [is] not frivolous." *Handy*, 761 F.2d at 1283. The Court finds that Defendant has carried her burden of demonstrating that her appeal of her conviction under Count One of the Indictment presents "a non-frivolous issue" because it is not unreasonable to think that the Ninth Circuit could limit, overrule, or substantially alter its *Quassani* decision in light of its

more recent holding in *Lindsey*. *Garcia*, 340 F.3d at 1021 n.5. And should the Ninth Circuit use the instant matter to broaden *Lindsey*'s applicability to criminal charges brought pursuant to 18 U.S.C. § 1349, this "would likely result in reversal" of Defendant's conviction under Count One. *Id.* This is because the law now permits a mortgage fraud defendant to do what Defendant was precluded from doing at trial: attack the materiality of allegedly fraudulent statements made to mortgage lenders "through evidence of the lending standards generally applied in the mortgage industry." *Lindsey*, 850 F.3d at 1016; *see also Green*, 698 F. App'x at 880; *Haischer*, 780 F.3d at 1284.

### ii. Count Two

Defendant was convicted under Count Two of making a false statement to a federally insured financial institution, (ECF No. 221), in connection with an application for a home equity line of credit that was submitted to Bank of America, (ECF No. 1 at 9–10). Defendant argues that her appeal of her conviction under Count Two presents the substantial question of whether there was sufficient evidence for the jury to convict her of violating 18 U.S.C. § 1014. (ECF No. 384 at 2–3.) Quoting the government's closing statement to the jury, Defendant asserts that "the government admitted that Bondaruk acted alone to obtain the HELOC, admitting as well that Palamarchuk was not involved" in preparing a fraudulent loan application submitted to Bank of America. (ECF No. 384 at 4.) Defendant argues forcefully that "evidence at trial clearly failed to establish [Defendant] had made false statements to Bank of America" for the purpose of obtaining a home equity loan. (ECF No. 384 at 4.)

To gain a conviction under 18 U.S.C. § 1014, the government must prove that a defendant (i) made a false statement to a federally insured financial institution, (ii) did so knowing the statement in question was false, and (iii) did so for the purpose of influencing the action of said financial institution. 9th Cir. Model Crim. Jury Instr. 8.74. However, a "defendant need not make the false statements directly to a bank to be convicted under [18 U.S.C. § 1014], nor need the defendant know which particular institution was involved." *United States v. Bellucci*, 995 F.2d 157, 159 (9th Cir. 1993). The test in judging the propriety of a conviction under 18 U.S.C. § 1014 is "whether there was sufficient evidence for the jury to conclude that [a defendant] 'was

responsible in whole or in part for the fact that the [loan application] set forth false material information.'" *Id.* (second alteration in original) (quoting *United States v. Olano*, 934 F.2d 1425, 1435 (9th Cir. 1991), *rev'd on other grounds*, 507 U.S. 725 (1993)). Hence, evidence is sufficient to sustain a conviction where the defendant simply "knew the false statements were to be presented to a bank." *Id.* Accordingly, a jury may properly convict a defendant for making false statements to a bank where there is evidence the defendant partially filled out a loan application the defendant knew would be completed by an associate and later submitted to a financial institution. *Id.*

Here, Defendant's appeal is based on her argument that the evidence provided to convict her on Count Two was insufficient because the prosecutor at trial admitted not only that Defendant did not actually submit any fraudulent loan application to Bank of America, but also that Defendant was not personally involved in the preparation of the fraudulent loan application in any capacity whatsoever. (ECF No. 384 at 4; ECF No. 384-2 at 4–6.) This is a close question, given that the law does not require Defendant to have actually made any statement to Bank of America herself so long as she "was responsible in whole or in part" for the fact that her co-defendant's loan application contained falsehoods. *Bellucci*, 995 F.2d at 159. Nonetheless, the Court finds it is "not frivolous" for Defendant to argue that the evidence was insufficient to support her conviction under Count Two. *Handy*, 761 F.2d at 1283. This is because the Ninth Circuit could conceivably interpret the prosecuting attorney's concession that Defendant did not help prepare her co-defendant's fraudulent loan application, (ECF No. 384 at 4), as showing that the government failed to present sufficient evidence proving that Defendant was at least "in part" responsible for the false information submitted to Bank of America, *Bellucci*, 995 F.2d at 15. Such a finding "would likely result in reversal" of Defendant's conviction, *Garcia*, 340 F.3d at 1021 n.5, because it is beyond dispute that it was the government's burden at trial to present evidence proving all required elements of the charged crime beyond a reasonable doubt, *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

///

///

### iii. Count Five

Defendant was convicted under Count Five of money laundering in violation of 18 U.S.C. § 1957. (ECF No. 221 at 2.) Her conviction was based on her withdrawal of $36,500 from Bank of America that was "derived from [the] specified unlawful activity" of mail fraud in violation of 18 U.S.C. § 1341. (ECF No. 1 at 11; ECF No. 162 at 20–22.)

"A conviction for money laundering under 18 U.S.C. § 1957 requires the government to show: (1) the defendant knowingly engaged in a monetary transaction; (2) he knew the transaction involved criminal property; (3) the property's value exceeded $10,000; and (4) the property was derived from a specified unlawful activity." *United States v. Rogers*, 321 F.3d 1226, 1229 (9th Cir. 2003). Mail fraud is a "specified unlawful activity." *Id.* (citing 18 U.S.C. § 1957(f)(3); 18 U.S.C. § 1956(c)(7)(A); 18 U.S.C. § 1961(1)).

Accordingly, the government was required to prove at trial that mail fraud occurred in order for the jury to convict Defendant for laundering the illicit funds resulting from that fraud. (*See* ECF No. 219 at 26–27, 33–34; ECF No. 162 at 20–22.) Defendant therefore argues that her appeal of her conviction under Count Five presents the same substantial question as her appeal of her conviction under Count One: whether her constitutional rights to present a complete defense and to confront adverse witnesses were violated by the Court's exclusion of expert and cross-examination testimony regarding the materiality of false statements she and her co-conspirators made to lenders. (ECF No. 376 at 15–22.)

For the same reasons articulated with respect to Defendant's appeal of her conviction under Count One, the Court finds that Defendant has carried her burden of demonstrating that her appeal of her conviction under Count Five presents "a non-frivolous issue that, if decided in [D]efendant's favor, would likely result in reversal." *Garcia*, 340 F.3d at 1021 n.5.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion for Bail Pending Appeal, (ECF No. 376), as supplemented by her Supplemental Motion for Release on Bail Pending Appeal, (ECF No. 384). Defendant is ordered to appear before a magistrate judge for the Eastern District of California with forty-eight hours of her release from the custody of the Bureau

of Prisons, for the purpose of setting reasonable release conditions.

IT IS SO ORDERED.

Dated: January 16, 2019

Troy L. Nunley
United States District Judge