UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00450-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| OLGA PALAMARCHUK, | |
| Defendant. | |

This matter is before the Court on Defendant Olga Palamarchuk's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A). (ECF No. 434.) The Government filed an opposition. (ECF No. 439.) Defendant has not filed a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 13, 2015, a jury found Defendant guilty of three counts of a seven-count indictment: (1) conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; (2) false statement to a federally insured financial institution in violation of U.S.C. § 1014; and (3) money laundering in violation of 18 U.S.C. § 1957. (ECF No. 208.) On October 22, 2015, the Court sentenced Defendant to a 70-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 289.) Defendant appealed. (ECF No. 293.) Defendant served approximately 37.5 months of her 70-month sentence before being released in January 2019 on bail pending her appeal. (ECF No. 390.) By memorandum filed on November 8, 2019, the Ninth Circuit affirmed Defendant's conviction and sentence. (ECF No. 405.) Pursuant to the parties' stipulation, the Court ordered Defendant to self-surrender to the Bureau of Prisons ("COP") on or before July 16, 2021. (ECF No. 431.) On June 4, 2021, Defendant filed the instant motion for compassionate release based on her vulnerability to COVID-19. (ECF No. 434.)

**II. ANALYSIS**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, Defendant argues she is not currently in BOP custody and therefore cannot apply to any BOP warden for release. (ECF No. 434 at 2.) The Government agrees that the Court should bypass the exhaustion analysis in this particular case and proceed directly to the merits. (ECF No. 439 at 8.) Because Defendant's motion fails on the merits, the Court need not and does address the exhaustion requirement.

///

Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant argues she is particularly vulnerable to COVID-19 because she suffers from multiple medical conditions, including obesity, hypertension, heart irregularities, and hyperlipidemia. (ECF No. 434 at 5–7.) Defendant submits medical records — filed under seal — confirming she suffers from these medical conditions. Defendant's medical conditions have been identified by the Centers for Disease Control and Prevention ("CDC") as risk factors for COVID-19 complications. *See generally* CDC, Coronavirus Disease 2019 (COVID-19), People at Increased Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited June 23, 2021). However, because Defendant has not yet been placed in a specific BOP facility, her arguments are too speculative at this time. Presumably the BOP will not place Defendant in a facility experiencing a significant COVID-19 outbreak,

and Defendant has not provided evidence to suggest the facility where she is placed will provide inadequate care. As such, the Court finds Defendant has not demonstrated extraordinary and compelling reasons for her release.

Even assuming the Court found extraordinary and compelling reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

Defendant emphasizes she has completed the RDAP program and numerous other classes while in custody, which she argues is "clear evidence of significant post-sentencing rehabilitation." (ECF No. 434 at 7.) Defendant also argues she has had a difficult life and is needed to provide care to her husband, elderly mother, and youngest child. (*Id.*) The applicable guideline range at sentencing was 70 to 87 months in prison. The Court sentenced Defendant to a low-end, 70-month tern of imprisonment. Defendant seeks to reduce her sentence to time served despite having served only approximately 37.5 months of her sentence. (*Id.* at 1.) In other words, Defendant is seeking a reduction from a well-supported, low-end, 70-month sentence to a considerably lower 37.5-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears the BOP has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 70-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 434.)

IT IS SO ORDERED.

DATED: June 23, 2021

Troy L. Nunley
United States District Judge