UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLGA PALAMARCHUK,<br><br>Defendant. | No. 2:11-cr-00450-TLN<br><br>**SUPPLEMENTAL ORDER** |

On June 24, 2021, the Court denied Defendant Olga Palamarchuk's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A). (*See* ECF No. 443 (denying ECF No. 434).) Defendant subsequently informed the Court that its order was filed prior to her deadline for filing a reply. Due to the clerical error, the Court allowed Defendant to file a reply not later than June 25, 2021. (ECF No. 448.) Defendant timely filed her reply. (ECF No. 449.)

After reading and considering Defendant's reply, the Court again DENIES Defendant's motion for compassionate release. The Court acknowledges Defendant suffers from multiple medical conditions that make her more vulnerable to COVID-19. However, Defendant has not yet been placed in a specific Bureau of Prisons ("BOP") facility. Contrary to Defendant's assertion, it is unknown whether the BOP will place Defendant at FCI Dublin. (*See* ECF No. 449.) Even if the BOP places Defendant at FCI Dublin, the BOP currently reports only one active inmate case, 224 recovered inmate cases, and zero deaths at the facility. *See* BOP, *COVID-19*

*Cases*, https://www.bop.gov/coronavirus (last visited June 29, 2021). Presumably the BOP will not place Defendant in a facility that is experiencing a significant COVID-19 outbreak or that is unable to provide adequate medical care, but Defendant may bring another motion for compassionate release if the need arises. As it is, Defendant's arguments are too speculative, and she has not demonstrated extraordinary and compelling reasons for her release.

Even assuming the Court found extraordinary and compelling reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

In her reply, Defendant argues she has "undergone significant post-sentencing rehabilitation," including completing the RDAP program and several classes. (ECF No. 449 at 4.) As discussed in the previous order, the Court sentenced Defendant to a low-end, 70-month term of imprisonment. Defendant seeks to reduce her sentence to time served despite having served only approximately 37.5 months of her sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. The Court commends Defendant on the progress she has made thus far. However, the Court is not persuaded that Defendant's rehabilitation warrants a 37.5-month sentence in light of the serious nature and circumstances of her offense. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears the BOP has thus far been capable of adequately addressing her medical needs. Therefore, Defendant's medical needs and rehabilitation do not outweigh the other § 3553(a) factors that support a 70-month sentence.

For the foregoing reasons, as well as the reasons set forth in the Court's previous order (ECF No. 443), the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 434.)

IT IS SO ORDERED.

DATED: June 29, 2021

Troy L. Nunley
United States District Judge